IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. RODRIGUEZ, | ) | Case No. 1: 20-cv-2473 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| LYNEAL WAINWRIGHT, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Christopher and Larissa Rodriguez buried their deceased five-year-old son, Jordan, in their backyard. Christopher Rodriguez (hereafter "Rodriguez") later called his brother and told him of Jordan's death and backyard burial. Rodriguez's brother told Rodriguez to call the police, but he didn't. Unlike Rodriguez, his brother called the police, who located and exhumed Jordan's body. A subsequent autopsy revealed signs of child abuse, and the Rodriguezes pleaded guilty to involuntary manslaughter, felonious assault, endangering children, and gross abuse of a corpse. And Rodriguez, for his part, was sentenced to an aggregate 28-years' imprisonment.

Rodriguez, pro se, now petitions for a writ of habeas corpus, under 28 U.S.C. § 2554, raising two claims for relief. ECF Doc. 1. Rodriguez asserts:

> **Ground One:** Rodriguez's due process rights were violated when the trial court (a) relied on false information; (b) did not order a presentence investigation report ("PSR"); and (c) sentenced him beyond the recommended sentence (ECF Doc. 1 at 5; ECF Doc. 1-1 at 1-4; ECF Doc. 16 at 6-11).
>
> **Ground Two**: Trial counsel was ineffective when he (a) allowed the trial court to rely on false information at the sentencing and (b) stipulated that the charges were not allied offenses (ECF Doc. 1-1 at 16).

Because Rodriguez's claims are noncognizable or procedurally defaulted and meritless, I recommend that the claims be DIMISSED and Rodriguez's petition for writ of habeas corpus be DENIED.  I further recommend that Rodriguez not be granted a certificate of appealability.

**I.      State Court History**

   **A.      Trial Court Proceedings**

On January 31, 2018, a Cuyahoga County, Ohio, grand jury indicted the Rodriguezes with one count of murder (Count One), one count of felonious assault (Count Two), two counts of endangering children (Counts Three and Four), and one count of gross abuse of a corpse (Count Five).  ECF Doc. 8-1 at 3-4.  Pursuant to a plea agreement, Rodriguez pleaded guilty to Counts Two, Three, Five, and Count One, as amended to the lesser included offense of involuntary manslaughter.  *Id*. at 80-81.  Rodriguez also agreed that his charges were not allied offenses.  *Id*. at 82.  In exchange, the state recommended the dismissal of Count Four and the parties jointly recommended a sentence of between 20 to 25 years.  *Id.*

On June 28, 2018, the trial court held a plea hearing, at which Rodriguez indicated he understood that he faced a maximum possible sentence of 28 years.  *Id*. at 86-87.  The court also addressed the effect of a jointly recommended sentence:

> THE COURT: There has been a recommendation made to the Court.  I want to be clear you understand it is not a promise of a sentence.  The Court is not bound by the recommendation.  It's a suggestion to the Court, but it is not binding and it is not a promise of sentence.  Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> \*\*\*
>
> THE COURT: Do you understand there's no promise of a particular sentence?
>
> THE DEFENDANT: Yes, Your Honor.

ECF Doc. 8-1 at 87-88.  The court accepted Rodriguez's plea.  *Id.* at 88-89.

2

The trial court then proceeded to sentencing and heard argument from the parties on what sentence to impose. *Id.* at 89-98. Defense counsel argued that the court should consider Rodriguez's lack of significant criminal history. *Id.* at 93. The following exchange ensued:

> THE COURT: I have here he's both an offender in Texas and Florida with a felony, battery, robbery, misdemeanor battery, and that's in Florida, and drugs. ***
>
> [Defense Counsel]: We don't believe those are convictions, those offenses.
>
> ***
>
> THE COURT: What I have before me is felony battery, misdemeanor battery, robbery, then a Texas drug possession case.
>
> ***
>
> [Prosecutor]: Judge, we do have the same records that you have, indicating that there were arrests for robberies, a Felony of the 2nd Degree, and battery, a Felony of the 3rd Degree, as well as a conviction for a misdemeanor battery in 2016. We don't have the disposition of those arrests or felonies.
>
> He is also a felon in Medina County for criminal nonsupport.
>
> ***
>
> THE COURT: There is a plea of guilty in Florida in 2016 to battery with counsel present. December 6, 2016.
>
> Are you aware of that?
>
> [Defense Counsel]: I believe that's a misdemeanor, Your Honor.

*Id.* at 93-95.

The trial court then sentenced Rodriguez to serve prison terms of 11 years on Count One, 8 years each on Counts Two and Three; and 1 year on Count 5. *Id.* at 5, 98. The court ordered that the prison terms be served consecutively, for an aggregate sentence of 28 years. *Id.* at 98-99. In explaining the sentence, the court stated that it would not accept the parties' jointly

3

recommended sentence because of the horrific nature of the offense and Rodriguez's lack of remorse. *Id.* at 96-97.

### B. Direct Appeal

On July 26, 2018, Rodriguez timely appealed his conviction to the Ohio Court of Appeals. ECF Doc. 8-1 at 8. Through new counsel, Rodriguez asserted two assignments of error:

> 1. Rodriguez's sentence was contrary to Ohio law and unsupported by the record (ECF Doc. 8-1 at 17-21).
>
> 2. Trial counsel was ineffective for failing to preserve sentencing errors for appellate review (ECF Doc. 8-1 at 21-23).

In support of his first assignment of error, Rodriguez argued that the trial court failed to consider Ohio Rev. Code §§ 2929.11 and 2929.12. ECF Doc. 8-1 at 17-20. Specifically, he argued that: (i) his sentence was longer than that of his more culpable wife's; (ii) the court did not discuss all the relevant factors under § 2929.12(A); and (iii) the court erred by not ordering a PSR to clarify the apparent confusion over his criminal history. *Id.* He further argued that the record did not support the imposition of a sentence beyond the parties' joint recommendation or a sentence greater than his wife's, given her culpability, his confession, and the lack of an accurate record of his criminal history. *Id.* at 21.

In support of his second assignment of error, Rodriguez argued that trial counsel should have: (i) objected to the lack of a PSR; (ii) objected to the court continuing with sentencing after the confusion regarding his criminal history came to light; and (iii) objected to the imposition of a sentence greater than the jointly recommended sentence and raised the disparity between his and his wife's sentences. *Id.* at 21-22. He further argued that counsel made no effort to clarify the confusion regarding his criminal history. *Id.* at 22.

On December 17, 2018, the state filed an appellee brief, to which Rodriguez filed a reply brief, reiterating the arguments in his initial brief. ECF Doc. 8-1 at 25-41. On April 25, 2019, the Ohio Court of Appeals overruled Rodriguez's assignments of error as meritless and affirmed his convictions. ECF Doc. 8-1 at 42-52; *State v. Rodriguez*, 2019-Ohio-1532 (Ohio Ct. App. 2019). In overruling Rodriguez's first assignment of error, the court determined that, based on its review of the record, it was satisfied that the trial court made the required statutory findings to impose consecutive sentences and that the trial court complied with the requirements of Ohio Rev. Code §§ 2929.11 and 2929.12. ECF Doc. 8-1 at 43-48. The court further determined that:

> {¶22} Rodriguez also argues he should not have received a greater sentence than his wife, who received a total of 25 years in prison.
>
> ***
>
> {¶24} We have previously stated the trial court noted this was a horrific crime, that Rodriguez had not accepted responsibility for his actions, and that he showed no remorse. Although, Rodriguez now claims he was less culpable than his wife because he confessed to his brother, it is not borne out by the record. The prosecutor indicated that Rodriguez told his brother the child died, offered no explanation, and that they had decided to bury the child in the backyard. This can hardly be characterized as a confession, but instead a continued attempt at concealment of the horrific deed.
>
> {¶25} In this regard, the trial court stated: "I have to imagine that at some point you got on the Internet, how [I] bury a body, because this is unbelievable to me. The level of meticulousness that you went to not be discovered."
>
> {¶26} Based on the foregoing, we find no merit to Rodriguez's claim.
>
> {¶27} Finally, Rodriguez argues that there was confusion about his criminal history, which led the trial court to assume he had a violent history. He claims the confusion could have been avoided if the trial court had ordered a presentence investigation report. Rodriguez's claim lacks merit.
>
> {¶28} At the hearing, defense counsel asked the trial court to consider Rodriguez's relative lack of a significant criminal history and claimed Rodriguez had no violent offenses. The trial court indicated it had information that Rodriguez had offenses both in Texas and Florida, which included felonies and misdemeanors for robbery, battery, and drug possession. Defense counsel then indicated he did

5

not believe the aforementioned charges resulted in convictions. The trial court restated it had information regarding a felony battery, a misdemeanor battery, a robbery, and a drug possession case. The prosecutor indicated it had the same information as the trial court.

{¶29} Our review of the record indicates the trial court was only clarifying defense counsel's statement regarding Rodriguez's relative lack of a significant criminal history. Thus, we find no merit in Rodriguez's assertions.

{¶30} Regarding Rodriguez's claim that the trial court should have ordered a presentence investigation report, we note that a trial court need not order a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted. ***

{¶31} Here, the trial court was not imposing community control sanctions or granting probation, therefore it was not required to order a presentence investigation report. Moreover, as previously stated, the trial court was able to make the appropriate findings to justify the imposition of consecutive sentences based on the information in the record.

*Id.* at 48-50.

In overruling Rodriguez's second assignment of error, the court of appeals reasoned:

{¶36} In the first assignment of error, we determined that it was not necessary for the trial court to order a presentence investigation report because it was not imposing community control sanctions or granting probation. Thus, it would have accomplished nothing if defense counsel objected on that basis. As a result, we find Rodriguez's claim without merit.

{¶37} Rodriguez also claims that defense counsel should have objected when the trial court imposed a sentence outside the agreed recommended sentencing range of 20-25 years.

{¶38} Under Ohio law, trial courts are not bound by a jointly recommended sentence. ***

{¶40} Here, the trial court was not bound to impose the recommended sentence and, as reflected in the excerpt above, clearly forewarned Rodriguez of such. Thus, it would have accomplished nothing if defense counsel objected on that basis. As a result, we find Rodriguez's claim is without merit.

*Id.* at 51-52.

On June 6, 2019, Rodriguez filed a pro se notice of appeal to the Ohio Supreme Court. *Id.* at 53. Rodriguez's memorandum in support jurisdiction asserted two propositions of law:

> **Proposition of Law 1**: When a trial court relies on false information to enhance a criminal defendant's sentence, without ordering a PSI when the validity of the information used for enhancement is questioned, the resulting sentence imposed is contrary to law and its imposition violates the appellant's rights to a fair trial and the due process of law guaranteed by the 5th Amendment and 14th Amendment of the US Constitution as well as the equivalent Articles and Sections of the Ohio Constitution.
>
> **Proposition of Law 2**: When a defense attorney allows false information to enhance his client's sentence and then compounds that error by stipulating that his client's charges are not allied offenses when in fact the charges are allied offenses, those errors cause the defendant to be deprived of his constitutional right of effective assistance of counsel guaranteed by the 6th Amendment of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.

*Id.* at 56.

In support of his first proposition of law, Rodriguez argued that his sentence was "contrary to law" because the trial court imposed a prison term beyond the parties' jointly recommended sentence. *Id.* at 60-62. Rodriguez argued that his sentence was also contrary to law because: (i) it was longer than his wife's; (ii) the trial court relied on false information pertaining his criminal history; and (iii) the court did not order a PSR to clear up the confusion. *Id.*

In support of Rodriguez's second proposition of law, Rodriguez argued that trial counsel performed deficiently when he stipulated that his charges were not allied offenses because the charges arose from a single incident. *Id.* at 63. Rodriguez further argued that his trial counsel failed to object to the use of false information being used to determine his sentence. *Id.*

On July 23, 2019, the Ohio Supreme Court declined to accept the jurisdiction of the appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). ECF Doc. 8-1 at 76.

7

## II. Discussion

### A. Ground One: Sentencing Error and False Information

In his Ground One claim, Rodriguez argues that the trial court's reliance of false information at sentencing amounted to a due process violation under *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 440 U.S. 443 (1972). ECF Doc. 1 at 5; ECF Doc. 1-1 at 17-19.

Warden Wainwright, reading Rodriguez's Ground One claim as reasserting his claim in the Ohio Court of Appeals, argues that the claim is noncognizable. ECF Doc. 8 at 7. Alternatively, the warden argues that the Ohio Court of Appeals reasonably determined that his arguments were meritless. ECF Doc. 8 at 9-10.

In his traverse, Rodriguez adds new arguments to his Ground One claim: (i) that the trial court misapplied Ohio Rev. Code §§ 2929.14, 2929.12, and 2929.41; and (ii) the trial court erred, as a matter of state law, by not ordering a PSR. ECF Doc. 16 at 7-11.

#### 1. Cognizability

I disagree with Warden Wainwright's reading of Rodriguez's Ground One claim. In his habeas petition, Rodriguez incorporates by reference a supporting memorandum of law. ECF Doc. 1 at 5 (incorporating by reference ECF Doc. 1-1 at 17-19). Because Rodriguez attached the memorandum to his current habeas petition, it is considered part of his petition to this court. Fed. R. Civ. P. 10(c). And in that supporting memorandum, Rodriguez has not alleged an error of state law; rather, he contends that the trial court's reliance on false information to sentence him beyond the jointly recommended sentence violated his due process rights, per *Townsend* and *Tucker*. ECF Doc. 1-1 at 17-19. In both cases, the Supreme Court determined that a prisoner's due process right to a fair sentencing hearing was violated by the sentencing court's reliance on false information.

8

*Tucker*, 404 U.S. at 447; *Townsend*, 334 U.S. at 740-41. These cases and their progeny are viewed as establishing a due process requirement that a criminal defendant "be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false." *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (internal quotation marks omitted). Because Rodriguez's Ground One claim asserts a due process violation, it is cognizable. *See Warsaw v. Palmer*, No. 16-2554, 2017 U.S. App. LEXIS 28258, at *2 (6th Cir. Apr. 19, 2017) (unreported); *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000).

However, the arguments Rodriguez raised in his traverse to support his Ground One claim assert noncognizable issues. Initially, I note that issues raised for the first time in a traverse are not properly before the court. *See Jalowiec v. Bradshaw,* 657 F.3d 293, 312 (6th Cir. 2011). Nevertheless, whether the trial court failed to abide by Ohio Rev. Code §§ 2929.11, 2929.12, or 2929.41 presents only a question of state law. *E.g.*, *Ridder v. Warden, Chillicothe Corr. Inst.*, No. 1:18-cv-61, 2019 U.S Dist. LEXIS 85575, at *25-26 (S.D. Ohio June 18, 2013); *Sanders v. Kelly*, No. 5:09 CV 1272, 2011 U.S. Dist. LEXIS 155580, at *18 (N.D. Ohio Aug. 11, 2011). Questions of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### 2. Procedural Default

Before coming to federal court, a habeas petitioner must give the state courts a "*fair*" opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). If the petitioner hasn't done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460

9

F.3d 789, 809 (6h Cir. 2006). For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have raised at every available stage of state review. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). And the petitioner must have presented "his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law." *Williams*, 460 F.3d at 807 (internal quotation marks omitted). In this Circuit, this can be done in one of four ways:

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis;
>
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
>
> (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (paragraph breaks added).

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves. A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.,* that some external factor kept him from complying with the state rule or fairly presenting his claim; and (2) "prejudice," *i.e.,* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different verdict would have resulted if the alleged constitutional violation hadn't occurred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012). A petitioner can also obtain review of a procedurally defaulted claim if his procedurally defaulted claim is based on new evidence that he was factually innocent of the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Although cognizable, Rodriguez's Ground One claim is procedurally defaulted because he did not fairly present it as a federal constitutional claim at every stage on direct review. *Wagner*, 581 F.3d at 418. Rodriguez arguably raised his constitutional challenge to his sentence in his memorandum in support of jurisdiction to the Ohio Supreme Court by framing it as a due process violation and arguing the essential fact that the trial court relied on false information at sentencing. ECF Doc. 8-1 at 60-62. But in his brief to the Ohio Court of Appeals, Rodriguez only challenged the trial court's handling of the statutory factors and whether the record supported his conviction overall. See *id.* at 17-21, 38-41. Rodriguez's argument in the Ohio Court of Appeals exclusively cited state law. See *id.* And none of the cases Rodriguez cited analyzed whether a federal due process violation occurred when the trial court relied on false information at sentencing. See *id.*

Rodriguez cannot now return to state court assert his constitutional challenge because it would be barred by Ohio's res judicata doctrine. *State v. Cole*, 2 Ohio St. 3d 112, 113 (Ohio 1982). Because Rodriguez failed to raise the constitutional argument underlying his Ground One claim at every stage of Ohio's review process, and because he cannot do so now, his Ground One claim is procedurally defaulted. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010).

Rodriguez has not attempted to establish cause to excuse his procedural default. *See generally* ECF Doc. 1; ECF Doc. 16. Although he could arguably establish cause through a claim of ineffective assistance of appellate counsel, even that he cannot do now because he never raised a claim of ineffective assistance of appellate counsel in state court. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). And any attempt to do so now would be untimely. Ohio App. R. 26(B)(1).

11

Rodriguez's inability to establish cause to excuse his procedural default makes it unnecessary to consider whether he can show prejudice. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007). And Rodriguez has not raised an actual innocence argument in relation to this claim. *See generally* ECF Doc. 1; ECF Doc. 16.

I recommend that Rodriguez's Ground One claim be DISMISSED as procedurally defaulted.

### 3. Merits

Even if Rodriguez's Ground One claim were not procedurally defaulted, I would nevertheless recommend that the claim be dismissed as meritless.

As stated above, *Townsend* and its progeny are generally viewed as having established a due process requirement that criminal defendants should be allowed the opportunity to rebut derogatory information relied upon by the sentencing judge, especially when it can be shown to be materially false. *Stewart*, 503 F.3d at 495. "The defendant must establish that the challenged evidence was materially false or unreliable, and that such false or unreliable information served as the basis for the sentence." *United States. v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (alteration; internal quotation marks omitted).

Rodriguez has failed to establish a due process violation under *Tucker*. The record makes it plain that the trial court raised the issue of Rodriguez's criminal history in response to defense counsel's assertion that Rodriguez lacked any significant criminal history. ECF Doc. 8-1 at 93. In the course of those discussions, it was clarified that Rodriguez's *only* prior convictions were on misdemeanor battery and criminal nonsupport charges. *Id.* at 93-95. Moreover, a review of the trial court's own reasons for its sentencing determination shows that Rodriguez's criminal history did not serve as the basis for Rodriguez's sentence. The trial court primarily

12

focused on the nature and character of the offense and Rodriguez's lack of remorse for his conduct.  *Id.* at 5, 97-99.  The record does not support Rodriguez's contention that the sentencing court relied on a mistaken belief of his prior criminal history in determining his sentence.  Thus, applying the "AEDPA" standard discussed more fully at page 15 below, Rodriguez would be unable to show that the Ohio courts reached a conclusion that was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  A habeas claim that cannot meet one of those standards fails on the merits.  Rodriguez's Ground One claim would fail on the merits even if it were not procedurally defaulted.

      **B.**      **Ground Two: Ineffective Assistance of Counsel**

On its face, Rodriguez's habeas petition asserts only one claim for relief.  *See generally* ECF Doc. 1.  However, Rodriguez has attached to his petition what appears to be the table of contents to his memorandum in support of jurisdiction to the Ohio Supreme Court, which includes two propositions of law.  ECF Doc. 1-1 at 1.  It appears, then, that Rodriguez has attempted to reassert his second Ohio Supreme Court proposition of law as a separate claim for relief.  In light of our obligation to be lenient to pro se litigants, I find that Rodriguez's habeas petition has sufficiently raised his ineffective assistance of counsel claim as a second claim for relief.  *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("[L]iberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." (internal quotation marks omitted)).

1. **Procedural Default**

Rodriguez's Ground Two claim is partly procedurally defaulted with respect to his argument that trial counsel should not have stipulated that his charges did not merge at sentencing because Rodriguez did not fairly raise that issue at every stage on direct review. *Wagner*, 581 F.3d at 418. Rodriguez did not assert in his briefs to the Ohio Court of Appeals that trial counsel was ineffective for stipulating that his offenses should not merge at sentencing. *See* ECF Doc. 8-1 at 44, 51. He did not cite the stipulation as a basis for why he believed counsel was ineffective until his memorandum in support of jurisdiction in the Ohio Supreme Court. ECF Doc. 8-1 at 56, 62-64. And Rodriguez cannot now return to state court assert that trial counsel was ineffective for stipulating that his offenses did not merge at sentencing because it would be barred by Ohio's res judicata doctrine. *Cole*, 2 Ohio St. 3d at 113. Thus, Rodriguez's Ground Two claim is procedurally defaulted with respect to counsel's stipulation that his offenses did not merge at sentencing. *Thompson*, 598 F.3d at 285.

Rodriguez has not attempted to establish cause to excuse his procedural default. Although he could arguably establish cause through a claim of ineffective assistance of appellate counsel, he cannot do so here because he did not raise a claim of ineffective assistance of appellate counsel in state court at every stage on direct review and any attempt to do so now would be untimely. *Edwards*, 529 U.S. at 453; Ohio App. R. 26(B)(1). Rodriguez's inability to establish cause makes it unnecessary to consider whether he can show prejudice. *Matthews*, 486 F.3d at 891. And Rodriguez has not raised an actual innocence argument in relation to this claim. *See generally* ECF Doc. 1; ECF Doc. 16.

I recommend that Rodriguez's Ground Two claim be DISMISSED in part as procedurally defaulted.

14

### 2. Merits

Because the state court adjudicated the non-procedurally defaulted portion of Rodriguez's Ground Two claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits a federal court to grant relief only if that decision: (i) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (ii) was based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d). "Unreasonable" doesn't simply mean that the state court got it wrong. *Chinn v. Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1101 (6th Cir. 2022). Only if no "fairminded jurist" could agree with the state court may we grant relief. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, under which the petitioner must show that (1) trial counsel behaved *unreasonably*; and (2) that unreasonable performance *prejudiced* the defense. 466 U.S. 668, 687 (1984). This standard creates a rebuttable presumption that counsel acted reasonably, a presumption further amplified by AEDPA. *Id.* at 690; *Harrington*, 562 U.S. at 105. The question becomes "not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 532 U.S. at 102.

The Ohio Court of Appeals' denial of Rodriguez's Ground Two claim was neither contrary to, nor an unreasonable application of, *Strickland*. 28 U.S.C § 2254(d)(1). The Ohio Court of Appeals directly applied *Strickland*'s deficiency and prejudice standard. ECF Doc. 8-1 at 51. And the Ohio Court of Appeals reasonably determined that counsel was not deficient because the issues Rodriguez argued counsel should have raised were meritless. As the Ohio Court of Appeals stated, Ohio law did not require the trial court to order a presentence

15

investigation when probation is not granted. ECF Doc. 8-1 at 50. Whether Ohio law requires a PSR and whether trial courts are bound by a recommended sentence are issues of state law on which this court must defer to the Ohio Court of Appeals. *See Estelle,* 502 U.S at 68. Thus, it was not unreasonable for the Ohio Court of Appeals to conclude that the PSR requirement was not implicated in Rodriguez's case because probation was not granted. Likewise, it was not unreasonable for the Ohio Court of Appeals to conclude that any objection by counsel to the imposition of a sentence beyond the parties' joint recommendation would have been meritless because the record indicated that Rodriguez was informed that sentencing recommendations were not binding on the court. Therefore, the state court's conclusion that trial counsel did not perform deficiently was not so lacking in justification that it was beyond any possibility for fair-minded disagreement. *Harrington*, 562 U.S. at 103; *see also Mapes v. Coyle*, 171 F.3d 408, 413-14 (6th Cir. 1999) (holding that counsel cannot be deemed ineffective for not having raised meritless issues)

      I recommend that Rodriguez's Ground Two claim be DIMISSED in part for lack of merit.

### III.    Certificate of Appealability

#### A.    Legal Standard

      Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a). Considering Rule 11 requirement that the Court either grant or deny the certificate of

appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop,* 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); see also *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

    **B.**    **Analysis**

If the Court accepts my recommendation, Rodriguez will not be able to show that the Court's rulings on his claims are debatable among jurists of reason. Rodriguez's Ground One claim is non-cognizable or procedurally defaulted and meritless. And Rodriguez's Ground Two claim is procedurally defaulted and meritless. Because of jurists of reason would not find debatable that relief is not available for either of the claims raised in Rodriguez's petition, I recommend that no certificate of appealability is issued in this case.

### IV. Recommendation

Because Rodriguez's claims are noncognizable or procedurally defaulted and/or meritless, I recommend that Rodriguez's claims be DISMISSED and that his petition for writ of habeas corpus be DENIED.

Dated: August 8, 2022

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).