UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. RODRIGUEZ, | ) | CASE NO.  1:20-CV-2473 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is Magistrate Judge Thomas M. Parker's Report and Recommendation

(the "R&R") (Doc. No. 23), which recommends that the Court deny Petitioner Christopher M.

Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

(Doc. No. 1) and dismiss the claims therein.  Petitioner timely filed objections to the R&R.

(Doc. No. 24.)  For the following reasons, the R&R's recommendation that the Petition for Writ

of Habeas Corpus be denied is ACCEPTED, Petitioner's objections to the R&R are

OVERRULED, and the Petition is DENIED.

## I.  Background

Petitioner and his wife buried their deceased five-year-old son in their backyard.  *State v.*

*Rodriguez*, No. 107484, 2019 WL 1858228, at ¶ 2 (Ohio Ct. App. Apr. 25, 2019).[1]  Petitioner

later informed his brother of his son's death and the backyard burial.  Petitioner's brother told

---

[1] Petitioner has not objected to the R&R's reliance on the state court appellate opinion to
establish the factual record.  Under the Antiterrorism and Effective Death Penalty Act of 1998,
the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts
"the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).
With no effort to rebut the presumption of correctness having been made, the facts established in
the state court proceedings are presumed to be correct.

him to call the police.  *Id.* at ¶ 13.  Petitioner did not call the police, but his brother did.  *Id.*
Police officers located Petitioner's son's body.  *Id.*  An autopsy revealed signs of child abuse.  *Id.*
at ¶ 12.

On January 31, 2018, Petitioner and his wife were charged with murder (Count One),
felonious assault (Count Two), endangering children (Counts Three and Four), and gross abuse
of a corpse (Count Five).  *Id.* at ¶ 2.  Petitioner pleaded guilty to Counts Two, Three, Five, and
Count One, as amended to the lesser included offense of involuntary manslaughter.  *Id.* at ¶ 3.  In
Petitioner's signed plea agreement, Petitioner agreed that his charges were not allied offenses.
*Id.* at ¶ 4.  In exchange for his plea, the prosecution recommended the dismissal of Count Four.
*Id.* at ¶ 3.  The plea agreement jointly recommended a sentence between 20 and 25 years.  *Id.* at ¶
4.

During the public plea hearing, Petitioner indicated that he understood he faced a
maximum sentence of 28 years and that the recommended sentence in the plea agreement was
not binding on the court.  (*See* Doc. No. 8-1 at 166-68.)[2]  The trial court accepted Petitioner's
plea and proceeded to sentencing.  (*Id.* at 168-69.)  Defense counsel suggested Petitioner's lack
of significant criminal history should warrant a lower sentence.  (*Id.* at 173.)  This prompted a
discussion between the parties over whether Petitioner was convicted of certain offenses for
which he had been previously arrested.  (*Id.*)  Following the discussion of Petitioner's criminal
history, the trial court sentenced Petitioner to serve prison terms of 11 years for involuntary
manslaughter, 8 years for felonious assault, 8 years for endangering children, and 1 year for
gross abuse of corpse.  *Rodriguez*, 2019 WL 1858228 at ¶ 5.  The trial court ordered the prison

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

2

terms be served consecutively, for an aggregate sentence of 28 years.  *Id.*  The trial court stated it would not accept the recommended sentence because of the horrific nature of the offense and Petitioner's lack of remorse.  *Id.* at ¶ 21.  The trial court did not order a presentence investigation report.  *Id.* at ¶ 27.

The Petition sets forth two grounds for relief:

**Ground One:** Rodriguez's due process rights were violated when the trial court (a) relied on false information; (b) did not order a presentence investigation report ("PSR"); and (c) sentenced him beyond the recommended sentence.  (Doc. No. 1 at 5; Doc. No. 16 at 214-19.)

**Ground Two:**  Trial counsel was ineffective when he (a) allowed the trial court to rely on false information at the sentencing and (b) stipulated that the charges were not allied offenses.  (Doc. No 1 at 16.)

Petitioner's Traverse included new arguments, namely that the trial court misapplied Ohio state law, and the trial court erred, as a matter of state law, by not ordering a PSR.  (Doc. No. 16 at 215-19.)  As to the new issues raised in Petitioner's Traverse, the R&R correctly stated that "[q]uestions of state law are not cognizable on federal habeas review" and "issues raised for the first time in a traverse are not properly before the court."  (Doc. No. 23 at 379 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).)

In addressing Ground One, the R&R recognized that Petitioner stated a cognizable federal due process claim because he asserted that the trial court relied on false information at the time of sentencing.  (*Id.*)  But such a claim may only be reviewed by this Court if it was presented as a federal constitutional question at every level of state court review.  In his appeal to the Ohio Court of Appeals, Petitioner did not raise a

federal due process challenge to such information at sentencing.[3]  Noting that procedurally defaulted claims may, in limited circumstances, escape the harsh realities of dismissal on this basis, the R&R stated that no such exception applied here.  (*Id.* at 381.) Ground One, the R&R concluded, was procedurally defaulted.  (*Id.*)

Notwithstanding, the R&R went further.  The R&R reviewed the trial court record, namely the trial court's reasons for its sentence (i.e., the nature and circumstances of the offense and Petitioner's lack of remorse), and it concluded that Petitioner's assertion that the trial court relied on materially false information (criminal history) was not supported by the record.  Thus, even if the claim was not procedurally defaulted, the claim is without merit.  Accordingly, the R&R concluded that Ground One should be dismissed.  (*Id.* at 382-83.)

Ground Two seeks relief for the ineffective assistance of counsel.  This is not a stated claim on the face of the Petition, but one the R&R recognized may have been incorporated by an attachment to the Petition.  The R&R liberally construed the attachment as stating such a claim.  (*Id.* at 383.)  Nonetheless, Ground Two was procedurally defaulted, in part, because he did not raise a challenge to the trial court's merger of his prior convictions on direct appeal to the Ohio Court of Appeals.  (*Id.* at 384.)  As to the non-defaulted portions of Ground Two, the R&R concluded, after applying *Strickland v. Washington*, 466 U.S. 668 (1984), that Petitioner failed to establish deficiency or prejudice resulting from either (a) the failure to obtain a PSR, which is not required, or (b) object the sentence imposed because Petitioner was properly informed

---

[3] Petitioner appears to have raised the issue before the Ohio Supreme Court.  (Doc. No. 8-1 at 140-42.)  But to properly preserve the issue for review in this context, it must have been raised at *all* stages of state court review.

4

that his counsel's sentencing recommendations would not bind the court.  (*Id.* at 385-86.)

## II.   Law and Analysis

### A.  Standard

When objections are made to a magistrate judge's report and recommendation on a dispositive natter, the district court must conduct a *de novo* review of the portions of the report and recommendation to which a proper objection is made.  28 U.S.C. § 636(b)(1)(C). Thereafter, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

A general objection, meaning one that is "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a proper objection for the district court's *de novo* review.  *Woodson v. Ohio*, No. 1:19 CV 0339, 2022 WL 842240, at *1 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* L. Civ. R. 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").  A general objection has the same effect as a failure to object in that it waives *de novo* review by the district court and any later appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747-48.

In conducting its *de novo* review in the habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "The writ of habeas corpus is an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice system.'"  *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011)).

## B. Objection One: There is No Dispute or Controversy Before the Court, nor is There a Dispute or Controversy Between Petitioner and the Magistrate Judge.

Petitioner appears to argue that the Ohio Attorney General (OAG) did "not object[], oppose[] nor file[] an opposition in this case." (Doc. No. 25 at 390.)  To him, such a purported failure means that the OAG is not a party to this action.  As such, he asserts that the R&R amounts to the Court taking an adversarial position against him.

First, the OAG did respond and opposed the Petition.  (Doc. No. 7.)  The OAG is under no obligation to continue doing so.  That they could respond to the R&R or Petitioner's objections to the R&R and elected not do so does not mean that the OAG has abandoned its role as respondent.  Petitioner filed his Petition and initiated a cause of action to which the OAG remains the responding party.

Second, the role and authority of a magistrate judge is clearly defined by statute and rule. Pursuant to 28 U.S.C. § 636(b)(1)(B), magistrate judges may "submit to a judge of the court proposed findings of fact and recommendations for disposition, by a judge of the court, . . . of any applications for posttrial relief made by individuals convicted of criminal offenses . . . ."

Rule 72(b) of the Federal Rules of Civil Procedure similarly provides that magistrate judges may be assigned the responsibility of reviewing prisoner petitions and making recommendations to the district court.  Fed. R. Civ. P. 72(b)(1).  In this judicial district, Local Rule 72.2 provides for an automatic referral of *pro se* petitions for habeas corpus filed under 28 U.S.C. § 2254.  *See* L. Civ. R. 72.2, 72.3.

This matter was properly referred to Magistrate Judge Parker to review the parties' filings and recommend a disposition to the assigned district judge, which he did.  The submission of an R&R does not make any magistrate judge a party to the underlying action, and it certainly does not amount to the magistrate judge acting on behalf of the OAG.

For these reasons, Petitioner's Objection is OVERRULED.

### C.  Objection Two: The Magistrate Judge Did Not Consider or Address Petitioner's Traverse

At best, this is a general objection.  In support of this objection Petitioner resubmits his previously filed Traverse. Rehashing arguments made in a Traverse has the same effect as a failure to object at all.  *See, e.g.*, *Darling v. Lazaroff*, No. 1:19CV1743, 2021 WL 2895512, at *1 (N.D. Ohio July 9, 2021) (finding "the regurgitation of the same merit brief before the magistrate judge" does not "constitute a sufficient objection"); *Porter v. Konteh*, No. 3:07-cv-03354, 2009 WL 4282911, at *2 (N.D. Ohio Nov. 30, 2009) (finding petitioner's objection that "simply reiterate[d] the same argument . . . that he raised in his [t]raverse" was "insufficient to constitute an objection").  Objection Two is not entitled to *de novo* review.

Notwithstanding, a review of the R&R disposes of this objection.  First, the R&R addressed that certain arguments Petitioner included in the Traverse were not included in the Petition.  The R&R correctly stated that argument raised for the first time in a Traverse cannot, as a matter of law, be considered.  (Doc. No. 23 at 379); *see Jalowiec v. Bradshaw*, 657 F.3d

293, 311-12 (6th Cir. 2011) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)).  As a second example, both the Petition and the Traverse assert that trial counsel's failure to object to the 28-year term of incarceration was deficient and prejudicial.  The R&R addresses this argument and specifically recognizes the Ohio Court of Appeals' decision finding that such an objection would have been futile because the Petitioner was well aware that sentencing recommendations did not bind the court.

For these reasons, Petitioner's second objection is OVERRULED.

### III.  <u>Conclusion</u>

Petitioner's objections are hereby OVERRULED.  The Court ADOPTS the R&R in full. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED, and this matter is DISMISSED.  The Court further certifies that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: December 11, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

8